IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY LEITGEB, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WESTPORT INSURANCE CORP., | : | No. 11-07221 |
| Defendant. | : | |

**M E M O R A N D U M**

Stengel, J.                                                    February 28, 2012

The case is a declaratory action against Westport Insurance ("Westport") by plaintiff, Ms. Leitgeb.  Ms. Leitgeb is unable to collect from her former attorney, Glenn D. McGogney, who is insured under a professional liability policy issued Westport. Plaintiff filed suit under the Pennsylvania Insurance Insolvency Act, 40 P.S. § 117, and defendant filed this motion to dismiss.  For the reasons set forth below, I will grant the motion.

**I.    Background**

In March, 2008, Mr. McGogney entered into a fee agreement with Albert R. Zeky to prepare his Will and a Trust naming Ms. Leitgeb as executrix and beneficiary, respectively.  (Compl. at ¶ 6-8).  The following month, Mr. Zeky passed away, and since Mr. McGogney failed to prepare a Trust, Mr. Zeky's estate fell to intestacy and away from Ms. Leitgeb.  (Compl. at ¶ 9-12).  Ms. Leitgeb was also removed as executrix due to Mr. McGogney allegedly flawed representation of her responsibilities.  Ms. Leitgeb alleges in her Amended Complaint that she has obtained a judgment against Attorney

McGogney as to liability; however, the issue of damages remains open because Mr. McGogney has admitted that he is insolvent.  (Compl. at ¶ 20).  Ms. Leitgeb filed a declaratory judgment action against Westport in the Court of Common Pleas of Lehigh County Pennsylvania to determine whether Westport has a duty to provide coverage to Attorney McGogney.  Westport removed the matter to this Court and filed this motion to dismiss.  For the reasons stated below, I will grant Westport's motion.

## II.     Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse

v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern

Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain

enough factual matters to suggest the required elements of the claim or to "raise a

reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v.

County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at

556).

## III.    Discussion

Westport argues that "[i]t is well-settled that under Pennsylvania law, an injured

party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of

the policy or a statute create such a right."  Apalucci v. Agora Syndicate, 145 F.3d 630,

633 (3d Cir. Pa. 1998).  See also, Dercoli v. Pennsylvania Nat'l Mut. Ins. Co., 535 A.2d

163, 165 (Pa. Super. Ct. 1987), rev'd on other grounds, 554 A.2d 906 (Pa. 1989).

Plaintiff argues that she has the right to sue under the Pennsylvania Insurance Insolvency

Act, 40 P.S. § 117.[1]  Section 117 is the only Pennsylvania statute that allows a third party

to bring a direct action against a tortfeasor's insurer for a claim against the

tortfeasor/insured.  Kollar v. Miller, 176 F.3d 175, 181 (3d Cir. 1999) (applying

---

[1] 40 Pa. Stat. Ann. § 117 states:

> No policy of insurance against loss or damage resulting from accident to or injury suffered by an
> employee or other person and for which the person insured is liable, or against loss or damage to
> property caused by animals or by any vehicle drawn, propelled or operated by any motive power
> and for which loss or damage the person insured is liable, shall hereafter be issued or delivered in
> this State by any corporation, or other insurer, authorized to do business in this State, unless there
> shall be contained within such policy a provision that the insolvency or bankruptcy of the person
> insured shall not release the insurance carrier from the payment of damages for injury sustained or
> loss occasioned during the life of such policy, and stating that in case execution against the insured
> is returned unsatisfied in an action brought by the injured person, or his or her personal
> representative in case death results from the accident, because of such insolvency or bankruptcy,
> then an action may be maintained by the injured person, or his or her personal representative,
> against such corporation, under the terms of the policy, for the amount of the judgment in the said
> action, not exceeding the amount of the policy.

3

Pennsylvania law).  The Third Circuit listed the elements for an action under § 117 as follows:

> (1) the insured is insolvent; (2) an accident or other covered event has occurred; (3) the insured is liable for the accident; (4) a judgment has been entered against the insured; (5) the third party has unsuccessfully sought to execute the judgment against the insured; and (6) the insurance company is a liability insurer for the insolvent insured.

Id.

Westport Insurance argues that Ms. Leitgeb fails to allege any facts, aside from unadorned conclusions and assertions, which provide grounds for her to proceed under § 117.  (Doc. #12-2 at 5).  Westport claims that plaintiff's Amended Complaint lacks any facts that suggest (1) Mr. McGogney is insolvent, (2) a judgment has been entered against Mr. McGogney and in favor of Ms. Leitgeb, (3) Ms. Leitgeb has tried unsuccessfully to execute such a judgment against Mr. McGogney, and (4) what the alleged judgment entails.  (Doc. #12-2 at 5).  Westport also argues that even if Ms. Leitgeb could adequately allege the elements of §117, that statute only applies to claims for "accident," "injury," or property damage caused by vehicles or animals, and thus does not apply to a claim for economic loss due to alleged legal errors. [2]  (Doc. # 12-2 at 8).

Ms. Leitgeb argues that it is undisputed that Mr. McGogney is an insured under a professional liability issued by Westport, and a covered event has occurred, which is not limited to bodily injury.  Furthermore, Ms. Leitgeb claims that under § 117, the term "injury" in an insurance policy is not limited to "personal injury."  Hrobuchak v. Fed. Ins. Co., 2010 U.S. Dist. LEXIS 131441, *6-7 (M.D. Pa. Dec. 13, 2010).  She cites Apalucci

---

[2] I will not discuss the interpretation of the statutory language "accident" and "injury" at this time.

4

v. Agora Syndicate, Inc., 145 F.3d at 634 to stand for the proposition that § 117 does not require an actual trial for entry of a judgment against an insured.[3]

Third Circuit precedent clearly indicates that the Pennsylvania Insurance Insolvency Act only applies if a judgment has been obtained against an insured, and then only if execution is returned unsatisfied because of the insured's insolvency or bankruptcy.  See e.g., Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 223 (3d Cir. 2005) (Pennsylvania's direct action statute "only applies if a judgment has been obtained against an insured, and then only if execution is returned unsatisfied because of the insured's insolvency or bankruptcy"); Hrobuchak v. Fed. Ins. Co., 2010 U.S. Dist. LEXIS 112189, *8 (M.D. Pa. Oct. 21, 2010) (stating that Plaintiff met the statutory requirements by showing that the judgment was not satisfied).  In Treesdale, the court stated that although plaintiff alleged that a judgment was obtained against the insured, neither the Complaint nor any exhibits or attachments revealed any attempt to execute said judgment against the insured or that such attempts were returned unsatisfied and, therefore, plaintiff had not sufficiently alleged a direct action against the insurer under Pennsylvania law.

Similarly, Ms. Leitgeb alleges in the Complaint that a judgment has been entered against Mr. McGogney and that she has unsuccessfully sought to execute judgment against him.  However, there is no factual evidence of any judgment or an attempt to execute it.  Therefore, the Plaintiff has not sufficiently alleged that she can bring direct action against Westport under § 117 and I will grant Defendant's motion to dismiss.

---

[3] Apalucci does not apply in this instance because that case concerned a Third Party Beneficiary and the court specifically declined to evaluate claims raised under Section 117.

**IV.     Conclusion**

For the reasons stated above, I will grant Defendant's motion to dismiss without prejudice.

An appropriate Order follows.